Sean Goicoechea
CHRISTENSEN, MOORE, COCKRELL,
CUMMINGS & AXELBERG, P.C.
PO Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Attorneys for Defendants John Patrick McGuire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 95-117-BLG-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| JOHN PATRICK McGUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

John Patrick McGuire comes before this Court for re-sentencing pursuant to the February 26, 2008, Order from the Honorable Donald W. Molloy. Mr. McGuire's re-sentencing hearing is scheduled for March 24, 2008, at 10:00 a.m. in Billings, Montana. Mr. McGuire submits this Memorandum to aid the Court in determining an appropriate sentence.

**I.      Introduction**

This Court originally sentenced John Patrick McGuire on March 16, 1999. (Sentencing Transcript Dkt. # 2228 at p. 113.) McGuire received a sentence totaling 180 months (15 years) in prison and 60 months (5 years) of supervised release. McGuire's prison sentence included 60 months (5 years) on Counts 2, 28, 39, 42 and 43 and 120 months (10 years) on Count 29, the 924(c)(1)

offense. McGuire challenged the validity of the 120-month sentence on Count 29. The Honorable

Donald W. Molloy recently granted McGuire's 2255 challenge to the Count 29 sentence and vacated

that judgment.

## II.      Legal Issues

### _____A.      Reduction of Sentence On Count 29

Mr. McGuire was originally sentenced to 120 months in prison on Count 29. United

States District Judge Donald W. Molloy recently concluded that Mr. McGuire's 120-month

sentence under Section 924(c) was legally incorrect. Judge Molloy concluded that McGuire's

prison sentence under the applicable 1995 version of 924(c) cannot exceed 60 months. This

Court should take judicial notice of all evidence submitted in McGuire's 2255 hearing and Judge

Molloy's February 26, 2008, Order (Document No. 2481). This Court must reduce McGuire's

sentence for violation of 924(c) to 60 months.

### B.      The Remainder of McGuire's Sentence

On March 16, 1999, this Court sentenced McGuire to 60 months on  Counts 2, 28, 39, 42,

& 43.  The Court should not disturb that original sentence. McGuire should be immediately

released to serve the supervised release portion of his sentence.

### 1.      Double Jeopardy

Double jeopardy prohibits altering the remainder of McGuire's sentence on Counts 2, 28,

39, 42, & 43. The Double Jeopardy Clause of the Fifth Amendment prohibits multiple

punishments for the same offense. _United States v. DiFrancesco_, 449 U.S. 117, 127-128 (1980).

The Ninth Circuit has previously held that resentencing on a multi-count sentence does not

violate double jeopardy so long as the defendant does not have a legitimate expectation of

finality with respect to the original sentence. *United States v. Radmall*, 340 F.3d 798 (9th Cir. 2003); *United States v. McClain*, 133 F.3d 1191 (9th Cir. 1998). The Ninth Circuit distinguished its previous holding in *United States v. Arrellano-Rios*, 799 F.2d 520 (9th Cir. 1986) in both *Radmall* and *McClain* on the grounds that *Arellano-Rios* did not involve application of the Sentencing Guidelines.

Here, McGuire has a legitimate expectation of finality with respect to his original sentence on Counts 2, 28, 39, 42, & 43. When combined with McGuire's accumulated good-time credits, McGuire has served sufficient prison time to completely satisfy the 60-month prison sentence and the 60 month supervised release sentence for Counts 2, 28, 39, 42, & 43.

The factually specific holdings in *Radmall* and *McClain* do not apply here because they are both factually distinguishable from McGuire's case. In *Radmall,* the defendant had not completed serving his sentence on the unaltered Count (Count II) when he was resentenced. Here, at the time of resentencing, McGuire will have served the full amount of the original 60-month prison sentence on Counts 2, 28, 39, 42, & 43 and enough time to satisfy the related five years of supervised release[1]. As such, the Court cannot alter McGuire's sentence on Counts 2, 28, 39, 42, & 43 because McGuire had a legitimate expectation of finality regarding his sentence for those Counts. *See United States v. Arrellao-Rios*, 799 F.2d 520 (9th Cir. 1986)[2].

---

[1]    McGuire was sentenced on March 16, 1999. At that time he received 193 days credit for time served. Mr. McGuire's combined ten year total sentence on Counts 2, 28, 39, 42, & 43, will expire on March 16, 2009. When the 193 days are credited and McGuire's good time days are credited, that sentence should expire before he is resentenced on March 24, 2008.

[2]    The Ninth Circuit distinguished this case in *Radmall* and *McClain* on the grounds that it did not involve the Sentencing Guidelines. That distinguishing factor no longer exists, given the now advisory nature of the Sentencing Guidelines.

In *McClain*, the defendant had served his prison sentence but the relationship between the Sentencing Guidelines firearm enhancement and the 924(c) Count prevented his legitimate expectation of finality regarding his original sentence. Here, there is no such relationship. McGuire's 924(c) conviction will stand. Therefore, the reasoning in *McClain*, that the defendant knew that the possession of a firearm would affect his original sentence if the firearms conviction was vacated, does not apply here.

### 2.    Due Process

Even if the Court concludes that increasing McGuire's sentence on Counts 2, 28, 39, 42, & 43 will not violate McGuire's rights against double jeopardy, such an increase will nonetheless violate McGuire's due process rights.

In *United States v. Arrellao-Rios*, 799 F.2d 520 (9th Cir. 1986), the Ninth Circuit recognized, but did not further analyze, the due process issues inherent in a sentence enhancement after the defendant's expectations in the length of the sentence had "crystalized." *See Arrelao-Rios* at FN3. The Due Process Clause of the Fifth Amendment applies to re-sentencing. *United States v. Lundien*, 769 F.2d 981, 986 (4th Cir. 1985). Due process may be denied when "a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." *Id* at 987. The power of a sentencing court to correct even a statutorily invalid sentence is subject to due process limitations. *Id.*

Here, McGuire has been incarcerated nearly ten years. To the extent that the Court is inclined to resentence him in a fashion that reduces his Count 29 sentence as required by Judge Molloy's findings and Order and increases his sentence on Counts 2, 28, 39, 42, & 43 to net the

same term of imprisonment, such a sentence will violate McGuire's due process rights. See

*United States v. Lundien*, 769 F.2d 981, 986 (4th Cir. 1985).

## III.    Revised Presentence Report.

Undersigned counsel received a revised Presentence Investigation Report from U.S.

Probation Officer Teri Woog via email on March 18, 2008. Mr. McGuire has not yet had an

opportunity to review the revised Presentence Investigation Report and discuss it with

undersigned counsel. McGuire may, therefore, file supplemental and/or revised objections to the

revised Presentence Report after he has had an opportunity to review the revised Report and

discuss it with his counsel.

### A.    Objections/Corrections

#### 1.    Page 1 reference to Count 29

The revised Presentence Investigation Report at Page 1 incorrectly states that the sentence

associated with Count 29 is 10 years, consecutive to any other term. (See Paragraph 99.)

#### 2.    Paragraph 86

Defendant disputes that the scope of the financial fraud applicable to him is $20 Million.

Defendant was minimally involved with the "Freemen" and their alleged bank fraud for a period

of less than five months.  (See Paragraph 89.) The Presentence Report only attributes a $912.00

fraudulent financial instrument to McGuire. (See Paragraph 60.)

#### 3.    Paragraph 87

Defendant McGuire did not attempt to defraud more than one victim. At most, McGuire

submitted one $912.00 note as explained in Paragraph 60.

4.      **Paragraph 88**

There is no factual or legal basis for an enhancement for risk of serious bodily injury associated with the bank fraud. There is no evidence McGuire carried and maintained firearms in connection with the alleged bank fraud activities.

5.      **Paragraphs 91, 97, and 105.**

Defendant objects to an enhancement for obstruction of justice. Defendant's actions do not constitute obstruction. There is no legal or factual basis for an enhancement for obstructing justice.

6.      **Paragraph 95**

There is no factual or legal basis for a finding that Defendant McGuire was a leader during the robbery of the ABC news crew. Riding in the first vehicle to arrive at the scene does not make McGuire a leader. If anything, the video only shows McGuire standing at the location while Schweitzer and Jacobi confronted the news crew and took the camera.

7.      **Paragraph 107 - 117**

The total offense level calculations are not accurate for the reasons noted above and noted by Defendant McGuire's previous counsel and in Defendant McGuire's previous pleadings.

8.      **Paragraphs 135-140 – Current Physical Condition**

The revised Presentence Report fails to update the current status of Defendant McGuire's physical condition. McGuire's physical condition is summarized in the attached report from Dr. Panting. McGuire recently suffered a sudden cardiac arrhythmia while incarcerated. He was resuscitated and was comatose for several weeks. He also suffers from kidney cancer/failure,

bladder cancer, left eye blindness, bilateral optic neuropathy, diverticulosis and other ailments. Suffice it to say, Defendant McGuire's current physical condition is poor.

**9.      Paragraphs 196 and 197**

There is no legal or factual basis for upward departures based on domestic terrorism and disruption of governmental function in this case.

## IV.      Overall Sentencing And Downward Departure Considerations

If the Court is inclined to revise McGuire's previous 60-month sentence on Counts 2, 28, 39, 42, & 43, which it should not for the reasons noted above, the Court should nonetheless depart from any applicable guideline range, sentence Mr. McGuire to time served and allow him to proceed immediately to the supervised release portion of his sentence. McGuire is elderly and in poor health. He has served nearly ten years in prison for the crimes of which he was convicted. Keeping him in prison will not serve any additional, legitimate purpose. He has been adequately punished. He is not a risk to reoffend. He is not a risk to harm others.

The Court departed from the suggested Guideline range in order to avoid disparity in sentences among co-defendants at Mr. McGuire's original sentencing. It appears the sentences for Mr. McGuire's co-defendants ranged from probation to 22.5 years in prison. Notably, Dale Jacobi and Richard Clark received sentences of 13 years and 12 years imprisonment. If the Court is inclined to consider the equality among co-defendants when resentencing Mr. McGuire, it is important to keep in mind Mr. McGuire's brief and limited involvement with the "Freemen." As noted at Paragraph 89 of the Presentence Report, McGuire arrived in Montana in August of 1995 and voluntarily left the "Freemen" group in December of 1995.  McGuire's brief and limited involvement with the group, together with his ailing health and physical condition, certainly

justify a departure to a sentencing range that, coupled with McGuire's time served and accumulated good-time credits, mandates his immediate release from prison and transfer to the supervised release portion of his sentence. This is especially true considering the injustice of serving nearly ten years of a sentence based upon a finding which the government ultimately conceded, albeit nearly ten years later, was inaccurate.

## V.      Special Considerations

If the Court is inclined to fashion a sentence that requires McGuire to remain incarcerated for some additional period of time, McGuire respectfully requests that the Court specifically instruct the Bureau of Prisons that McGuire shall be entitled to credit for all of the time he has served in federal custody to-date and that McGuire shall receive the "good time" credits he has accumulated to-date. The Court should specifically instruct the Bureau of Prisons to apply these credits to any term of imprisonment ordered by the Court.

## VI.     Sentencing Hearing

Mr. McGuire does not intend to call any witnesses at the sentencing hearing. Mr. McGuire does request that he and undersigned counsel be allowed to briefly speak on his behalf. Mr. McGuire has also attached letters from multiple witnesses to this Memorandum for the Court's consideration.

## VII.    Conclusion

For the above reasons, and upon the grounds to be argued at the time of sentencing, Mr. McGuire respectfully requests that the Court resentence him to a combined term of imprisonment that, when coupled with his time served and his accumulated good-time credits, mandates

McGuire's immediate release from prison and transition into the supervised release portion of his

sentence.

DATED this 20th day of March,  2008.

/s/   Sean Goicoechea
Sean Goicoechea
CHRISTENSEN, MOORE, COCKRELL,
CUMMINGS & AXELBERG, P.C.
Attorneys for John Patrick McGuire

CERTIFICATE OF SERVICE

      I, Sean Goicoechea,  of the law firm, CHRISTENSEN, MOORE, COCKRELL, CUMMINGS & AXELBERG, P.C., do hereby certify that I caused to be served on March 20, 2008, a copy of the foregoing document to:

James E. Seykora
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
(ECF)

      /s/ Sean Goicoechea
      Sean Goicoechea
      CHRISTENSEN, MOORE, COCKRELL,
      CUMMINGS & AXELBERG, P.C.
      Attorneys for John Patrick McGuire