♦AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1   Case 1:95-cr-00117-DWM   Document 2487   Filed 03/24/08   Page 1 of 7
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| BILLINGS DIVISION | District of | MONTANA |

UNITED STATES OF AMERICA
V.
JOHN PATRICK MCGUIRE

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-95-117-BLG-DWM-09
USM Number: 10474-097
Sean P. Coicoechea
Defendant's Attorney

**Date of Original Judgment:** 5/14/1999
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
x Direct Motion to District    x 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
X was found guilty on count(s)  2, 28, 29, 39, 42, and 43 of 2nd SI
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 | Bank fraud | 04/23/1996 | 2 of 2nd SI |
| 18:1951 | Hobbs Act | 10/02/1995 | 28 of 2nd SI |
| 18:924(c) | Use of a firearm during crime of violence | 10/02/1995 | 29 of 2nd SI |
| 18:922(g)(1) | Felon in possession of a firearm | 12/05/1995 | 39 of 2nd SI |

See next page

The defendant is sentenced as provided in pages 2 _____ 7 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
x Count(s) _____ 1, 13 of 2nd SI _____ ☐ is  x are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 24, 2008
Date of Imposition of Judgment

Signature of Judge

John C. Coughenour, U.S. District Judge
Name and Title of Judge

March 24, 2008
Date

DEFENDANT: John Patrick McGuire
CASE NUMBER: CR-95-117-BLG-DWM-09

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(1) | Felon in possession of a firearm | 10/20/1995 | 42 of 2nd SI |
| 18:922(g)(1) | Felon in possession of a firearm | 12/30/1995 | 43 of 2nd SI |

DEFENDANT: John Patrick McGuire
CASE NUMBER: CR-95-117-BLG-DWM-09

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term
*120 months, with credit for time served of 120 months. This consists of 60 months on each of Counts 2, 28, 39, 42, and 43, concurrent, and 60 months on Count 29, consecutive, for a total of 120 months. With the credit for time served, defendant is released following processing.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release                                  (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  4  of  7

DEFENDANT:      John Patrick McGuire
CASE NUMBER:    CR-95-117-BLG-DWM-09

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term
5 years.  This is 5 years on Count 2, and 3 years on each of Counts 28, 29, 39, 42, and 43, all to run concurrent, for a total of 5 years.
SUPERVISION IS TO BE TRANSFERRED TO THE DISTRICT OF NEVADA.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release                     (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT:    John Patrick McGuire
CASE NUMBER:    CR-95-117-BLG-DWM-09

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant is suspended from drug testing mandated by the Crime Control Act of 1994 based on the Court's determination that the defendant possesses a low risk of future substance abuse.

Further, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been approved by this Court. The defendant shall also comply with the following special condition(s):

1. The defendant shall submit his person, residence, place of employment, or vehicle, to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

2. The defendant will provide the United States Probation Officer with any requested financial information and shall incur no new lines of credit without the prior approval of the United States Probation Officer.

3. The defendant shall pay the remaining restitution in the amount of $37,366 at a rate of $655.54 per month, or as otherwise directed by United States Probation. Payment shall be made to the Clerk, United States District Court, Federal Building, Room 5405, 316 North 26th St., Billings, MT 59101, and shall be disbursed to:

    Amy Bowers
    Address on File with the Clerk of Court

    The defendant shall be jointly and severally liable for this amount with defendants Leroy Schweitzer, Daniel Peterson, and Richard Clark.

DEFENDANT: John Patrick McGuire
CASE NUMBER: CR-95-117-BLG-DWM-09

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300 (already paid) | $ | $ 37,366.00 remaining due |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Amy Jo Bowers | | $37,366 remaining due | |
| **TOTALS** | $ | $ 37,366 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    x  the interest requirement is waived for   ☐ fine   x restitution.

    ☐  the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
   Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __7__

DEFENDANT: John Patrick McGuire
CASE NUMBER: CR-95-117-BLG-DWM-09

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** **x** Lump sum payment of $ __-0-__ due immediately, balance due

  ☐ not later than _____, or
  **x** in accordance ☐ C, ☐ D, ☐ E, or **x** F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** **x** Special instructions regarding the payment of criminal monetary penalties:

  The original special assessment of $300.00 has been paid in full as of the date of this Judgment. The $37,366.00 remaining due on restitution shall be paid in accordance with instructions provided by the U.S. Probation office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X** Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
  Leroy Schweitzer, CR-95-117-BLG-DWM-01; Daniel E. Peterson, CR-95-117-BLG-DWM-02; and Richard E. Clark, CR-95-117-BLG-DWM-05. Joint and several for entire amount remaining due on restitution.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.