IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | ) | Cause No. CR 95-117-BLG-DWM |
|---|---|---|
| Plaintiff/Respondent, | ) | |
| vs. | ) | ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| JOHN PATRICK McGUIRE, | ) | |
| Defendant/Movant. | ) | |

On June 28, 2010, McGuire filed a 74-page document, 54 pages of exhibits, and a motion to proceed in forma pauperis. He cites "28 U.S.C. § 2241 and/or 28 U.S.C. § 2255." On July 1, 2010, he was ordered to show cause why his motion should not be dismissed as untimely.

McGuire responded on July 13, 2010. He concedes that the motion is untimely. He states that he intended instead to file a petition for "writ of coram nobis." Resp. to Order (doc. 2547) at 1 ¶ 1(a), (b). McGuire is on supervised release. He may not proceed:

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

> A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements [such as the statute of limitations]. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.

Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002). Like Matus-Leva, McGuire is on supervised release, and supervised release is custody. Id. (citing Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)); see also Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). Therefore, coram nobis is not available to him.

McGuire's § 2255 motion is dismissed with prejudice. For the reasons stated in Matus-Leva, 287 F.3d at 761, and Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (audita querela), reasonable jurists could only conclude that McGuire is required to proceed under 28 U.S.C. § 2255 and that his claims are time-barred. Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. McGuire's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 2543) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if McGuire files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-75-BLG-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against McGuire;

4. No motions for reconsideration or for relief from the judgment will be entertained.

DATED this 14th day of July, 2010.

_____
Donald W. Molloy
United States District Judge